## CRAMER *v.* SUPERVISORS OF THE CITY AND COUNTY OF SACRAMENTO.

A PETITION for *mandamus,* to compel the President of the Board of Supervisors of the City and County of Sacramento to draw his warrant on the Treasurer for audited claims against the city school fund, must, under the sixty-seventh section of the Consolidation Act of 1858, (Stat. 287) aver that there is money in the treasury applicable to such claims. The President has no power to draw the warrant unless the money is in the treasury.

APPEAL from the Sixth District.

Application by relator, a teacher in the public schools of Sacramento, for a *mandamus* to compel the President of the Board of Supervisors of the City and County of Sacramento to draw his warrant on the Treasurer of said city and county in favor of relator for certain claims held by him as such teacher, and duly audited by the Board of Education. Relator was hired by the Board of Education, not for any definite time, but from month to month. From August 16th to October 1st, 1860, there was a vacation in the schools, and the question intended to be raised by relator is, whether his salary, one hundred and twenty dollars per month, runs during the vacation. He presented his bills for the entire months of August and October, and the Board of Education allowed them. The Board of Supervisors, when the bills were presented to them, allowed them for the term time, but rejected them as to the vacation. Relator asks a warrant for the whole amount; and the petition fails to aver that there is money in the treasury applicable to

the warrant he seeks.   The Court below denied the writ.   Relator appeals.

*Ryan & Gardner,* for Appellant.

*C. Cole, District Attorney,* for Respondents.

COPE, J. delivered the opinion of the Court—FIELD, C. J. concurring.

The appeal in this case is without merit.   Under the sixty-seventh section of the Consolidation Act, the President of the Board of Supervisors has no power to draw the warrant which the plaintiff seeks to obtain, unless there is money in the treasury to pay it. The petition is silent upon that subject, and is therefore insufficient to entitle the plaintiff to the relief asked.   There are other grounds of objection, but it is unnecessary to notice them.

Order dismissing the proceedings affirmed.